UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOYU WANG, | Case No.: 26-cv-2648-RSH-MSB |
| Petitioner, | |
| v. | **ORDER DENYING PETITION** |
| CHRISTOPHER J. LAROSE, | |
| Respondent. | |

On April 27, 2026, petitioner Boyu Wang, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Respondent filed a return. ECF No. 4. As set forth below, the Court denies the Petition.

## I.    LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

//

//

26-cv-2648-RSH-MSB

## II.    ANALYSIS

The Petition asserts three claims, asserting that his immigration detention violates: (1) due process, (2) the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(6), and (3) the Administrative Procedure Act. ECF No. 1 at 11-16.

Petitioner's due process claim is that "ICE has violated Petitioner's due process rights by denying an individualized custody review to which he is entitled under ICE policy." *Id.* ¶ 62. However, the claim does not identify the policy at issue, or explain the nature of the custody review to which he is entitled. Elsewhere, the Petition refers to "ICE's long-standing policy … to release non-citizens immediately following a grant of asylum"; but Petitioner has not been granted asylum. *Id.* ¶¶ 4, 6, 46. Nor is the Petition verified or accompanied by evidence that would allow the Court to determine facts establishing a due process violation.

Petitioner's INA claim is based on an alleged violation of 8 U.S.C. § 1231(a)(6), which provides: "An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." The Petition does not explain how Petitioner's detention violates this provision.

Petitioner's APA is likewise conclusory, and seems to allege that the APA entitles Petitioner to a bond hearing. ECF No. 1 ¶ 76. But the Petition fails to explain *why* the APA entitles him to this remedy. Additionally, the Petition's prayer for relief seeks release rather than a bond hearing.

Accordingly, as articulated in the Petition, Petitioner's claims are without merit.[1]

---

[1]    The Court notes that Respondent has taken the position that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and, as such, is entitled to a bond hearing; but they contend

26-cv-2648-RSH-MSB

Petitioner has not met his burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.    CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: May 18, 2026

_____
Hon. Robert S. Huie
United States District Judge

---

that the Court should dismiss the Petition because Petitioner has failed to request such a hearing. ECF No. 4 at 1. Petitioner declined to file a reply. Although the Court is denying the Petition, it seems clear that to the extent Petitioner wants a bond hearing, the government agrees that he is entitled to receive one.

26-cv-2648-RSH-MSB